**UNITED STATES of America, Plaintiff,**

**v.**

**Francisco Torres De NAVARRA, Defendant.**

**No. 84-500-CR.**

United States District Court, S.D. Florida.

April 7, 1988.

Karen Moore, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Carl Masztal, Miami, Fla., for defendant.

ORDER

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Defendant's Motion for a New Trial. Pursuant to 28 U.S.C. § 636, the motion was referred to the Magistrate. The Magistrate recommended denial of the motion,[1] and defendant timely filed his objections.

On September 8, 1985, Francisco Torres De Navarra was convicted of conspiracy to import cocaine, as charged in Count VII of

21. Carlisle also argues that it is entitled to recover in *quantum meruit.* The Court will not reach this claim.

1. On February 24, 1988, the Magistrate entered an order denying defendant's motion. Because that order was entered in excess of the powers and duties conferred to a magistrate under 28 U.S.C. § 636, on February 25, 1988, this Court set aside the order as being contrary to law and directed the parties to treat the order as a report and recommendation under 28 U.S.C. § 636(b)(1)(B).

the indictment. At that time, co-defendant Vincent Gabriel DiSimone was a fugitive and thus not present at the trial of De Navarra. DiSimone, however, was eventually arrested in June, 1986. On July 21, 1987, this Court granted the United States' motion to dismiss the indictment against co-defendant DiSimone. Defendant De Navarra contends that he should be afforded a new trial because

> based upon information and belief before the indictment in this cause was handed down co-defendant Vincent Gabriel DiSimone worked for the Government as an agent and/or confidential informant [and] based upon information and belief, the Defendant [De Navarra] can show though[sic] Co–Defendant DiSimone that [De Navarra] was never involved in the conspiracy for which he was convicted and sentenced for in this cause.

Motion for New Trial at par. 1, par. 5.

It is within the sound discretion of the trial judge to grant or deny a motion for new trial on the basis of newly discovered evidence. *U.S. v. Johnson,* 713 F.2d 654 (11th Cir.1983). In this area, a district court must proceed with great caution, *id.,* and with the realization that such motions are disfavored by the courts. *U.S. v. Fowler,* 735 F.2d 823 (5th Cir.1984).

The burden is squarely on the defendant to make the requisite showing in order to obtain a new trial. *Id.* To prevail on a motion for a new trial on the grounds of newly discovered evidence the defendant must establish that: (1) the evidence was discovered after the trial; (2) the defendant was diligent in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence will probably produce an acquittal. *U.S. v. Champion,* 813 F.2d 1154, 1171 (11th Cir.1987); *U.S. v. Haimowitz,* 725 F.2d 1561, 1574 (11th Cir.1984).

The testimony of co-defendant DiSimone urged by De Navarra as the basis of his motion for a new trial fails to satisfy all of the five elements applicable to newly discovered evidence. First, even assuming *arguendo* that De Navarra was diligent in the discovery, it is uncertain whether the evidence was obtained *after* trial. Clearly, DiSimone could not testify because he was a fugitive at the time of trial. De Navarra, however, apparently possessed some information "*before* the indictment in this cause was handed down" regarding DiSimone's role as a government informant (emphasis supplied). Moreover, DiSimone's relationship with the government, if any, would only attack his credibility. But, that argument is neither here nor there because DiSimone never took the stand on behalf of the Government. Second, any testimony which could be elicited from DiSimone will only tend to impeach the testimony of the Government's witnesses regarding De Navarra's level of culpability in the conspiracy. Newly discovered impeaching evidence cannot serve as the basis for a new trial. *Champion* at 1171.

Finally, the facts before the Court hardly suggest that De Navarra will be acquitted on the basis of DiSimone's testimony. It seems De Navarra would require that DiSimone be compelled to appear. DiSimone's appearance, however, does not guarantee that he will not invoke his right against self-incrimination. The situation here is more unpredictable than that in which a co-defendant submits an affidavit that he will testify. *U.S. v. LaDuca,* 447 F.Supp. 779 (D.C.N.J.), *aff'd U.S. v. Rocco,* 587 F.2d 144 (3rd Cir.1978), *cert. denied,* 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979). Even so, the co-defendant's promise of testimony in and of itself does not warrant a new trial. *Id.; U.S. v. Diggs,* 649 F.2d 731 (9th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). The Court cannot conclude that an acquittal is probable on the basis of the "information and belief" held by De Navarra that he "can show" through the testimony of DiSimone that he was not involved in the conspiracy. On these bare allegations, defendant De Navarra is merely seeking to conduct a fishing expedition and this Court declines the invitation to join the excursion. Therefore, it is hereby

ORDERED AND ADJUDGED that the motion for a new trial is, in all respects,

DENIED.[2]

2. Defendant also filed a request for oral argument on this motion as well as a petition for writ of habeas corpus ad testificandum to bring DiSimone before this Court at any hearing regarding the motion. Each of these motions is also denied.